IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT - 7 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Franko-LaFratta Construction, Inc. )
A Virginia corporation )
)
    Plaintiff )
)
v. ) Civil Action No. 3:10CV723
)
Classic Kitchens of Virginia, Inc. )
A Virginia corporation )
Morris E. Gunn, Jr. )
Registered Agent )
12535 Patterson Avenue )
Richmond, VA 23238 )
)
And )
)
Matthew Gunn, individually )
12535 Patterson Avenue )
Richmond, VA 23238 )

    Defendants.

## COMPLAINT

The Plaintiff, by its counsel, in support of its Lanham Act claim, pursuant to 15 U.S.C. §1114 *et seq.*, including specifically a claim of multiple violations by the defendants of Section 43(d) of the Lanham Act (the Anti-Cybersquatting Piracy Act ("ACPA"), states as follows:

## PARTIES

1.     Plaintiff, Franko-LaFratta Construction, Inc. ("Franko-LaFratta") is a corporation incorporated in and doing business in the Commonwealth of Virginia with an office in the City of Richmond, Virginia at 2121 N. Hamilton Street, Richmond, Virginia 23230.

2.     Upon information and belief, defendant Classic Kitchens of Virginia, Inc. ("Classic Kitchens"), is a Virginia corporation with an office address in Goochland County, Virginia of 12535 Patterson Avenue, Richmond, Virginia, 23238.

3. Upon information and belief, defendant Matthew Gunn ("Gunn") is a Virginia resident who is a vice president of Classic Kitchens. Gunn's work address is 12535 Patterson Avenue, Richmond, Virginia, 23238 in Goochland County, Virginia.

## FACTS

4. Franko - LaFratta specializes in high quality residential and commercial renovation and construction, including among other things building custom cabinetry.

5. According to Classic Kitchens' website it "specialize[s] in the design/redesign and installation of luxury kitchens, baths, bars, casework and architectural millwork for all areas of the home....[and carries] the finest lines of cabinetry available — including Wood-Mode, Brookhaven, and Draper DBS."

6. Franko-LaFratta was incorporated on November 2, 1990, and has been actively and continuously using the name since at least that date.

7. The name "Franko-LaFratta" when used by Plaintiff in connection with residential and commercial renovation and construction and custom cabinetry is a distinctive trade name and was distinctive prior to August 31, 2010.

8. In a blatant effort to intercept internet customers looking for Franko-LaFratta and direct them to Classic Kitchens, on information and belief on or about August 31, 2010 Gunn registered himself as the owner of at least the following domain names and arranged for internet traffic seeking such domains to be directed to the website of Classic Kitchens:

frankoLaFratta.us – Exhibit A
frankoLaFratta.co – Exhibit B

9. In a blatant effort to intercept internet customers looking for Franko-LaFratta and direct them to Classic Kitchens, on information and belief on or about August 31, 2010 Classic

Kitchens or its principal Matt Gunn, using the privacy services of Domains by Proxy, Inc., registered and shielded the true ownership identity of at least the following domain names and arranged for internet traffic seeking such domains to be directed to the website of Classic Kitchens:

frankoLaFratta.net – Exhibit C
frankoLaFratta.org – Exhibit D
frankoLaFratta.biz – Exhibit E
frankoLaFratta.info – Exhibit F
frankoLaFratta.mobi – Exhibit G

10. WHOIS information describing the owners of the domain name registrations for each of the domain names identified in paragraphs 8 and 9 (collectively the "Domain Names") is attached in the corresponding Exhibits, as indicated in the preceding paragraphs.

11. In an interview published in Richmond BizSense Gunn admits he intentionally registered the domain names in an effort to increase internet traffic on the Classic Kitchens website. Exhibit H

12. Classic Kitchens has not acquired any trademark or trade name rights in the phrase "Franko-LaFratta."

13. Franko-LaFratta has no ownership of, license or other affiliation with Classic Kitchens.

**The Anticybersquatting Consumer Protection Act**

14. 15 U.S.C. §1125(d)(1)(A) establishes civil liability for a person who:

    a) Has a bad faith intent to profit from [a] mark; and

    b) Registers, traffics in, or uses a domain name that – (I) in the case of a mark that is distinctive at the time of the registration of the domain name, is identical or confusingly similar to that mark.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Defendants have committed acts of cybersquatting against a business located in the Commonwealth of Virginia and in that the Defendants are also located in Virginia. In accordance with Local Civil Rule 3, filing in the Richmond Division is proper for the same reasons venue in the Eastern District is proper, including the fact that plaintiff's offices are located in the City of Richmond, Virginia, and defendant's offices are located in Goochland County, Virginia.

## COUNT ONE: CYBERSQUATTING BY GUNN

17. The foregoing allegations are incorporated by reference.

18. Through the conduct alleged hereunder, defendant Gunn has demonstrated bad faith.

19. Gunn has no trademark or other intellectual property rights in the name "frankoLaFratta."

20. "FrankoLaFratta" is not a legal name for Gunn or any business conducted by Gunn.

21. Gunn did not use "frankoLaFratta" in connection with offering goods or services prior to plaintiff's use of the term "Franko-LaFratta."

22. By misdirecting traffic associated with the domain names identified in paragraph 8 above, defendant Gunn intended to divert consumers from plaintiff's website for commercial gain, and/or to create a likelihood of confusion as to the source, sponsorship, or affiliation of plaintiff with Classic Kitchen's website.

23. Gunn and/or his agents or related entities registered multiple domain names that include the phrase "frankoLaFratta."

24. On information and belief Gunn is either the domain name registrant of the domain names frankoLaFratta.us; and frankoLaFratta.co or is an authorized licensee of the registrant.

25. Pursuant to 15 USC Section 1117(d) plaintiff is entitled to statutory damages of $1,000 to $100,000 per domain name infringed by defendant.

26. Pursuant to 15 USC Section 1125(a)(3) plaintiff is entitled to an award of reasonable attorney's fees.

27. Pursuant to 15 USC Section 1125(c) plaintiff is entitled to receive a transfer of the subject domain names from defendant.

## COUNT TWO: CYBERSQUATTING BY CLASSIC KITCHENS INC.

28. The foregoing allegations are incorporated by reference.

29. Through the conduct alleged hereunder, defendant Classic Kitchens has demonstrated bad faith.

30. Classic Kitchens has trademark or other intellectual property rights in the name "frankoLaFratta."

31. "FrankoLaFratta" is not a legal name for Classic Kitchens.

32. Classic Kitchens did not use "frankoLaFratta" in connection with offering goods or services prior to Plaintiff's use of the term "Franko-LaFratta."

33. By misdirecting traffic from the domain names identified in paragraph 9 above, defendant Classic Kitchens intended to divert consumers from plaintiff's website for commercial gain, and/or to create a likelihood of confusion as to the source, sponsorship, or affiliation of

plaintiff with Classic Kitchen's website.

34. Classic Kitchens and/or its agents or related entities registered multiple domain names that include the phrase "frankoLaFratta."

35. On information and belief Classic Kitchens is either the domain name registrant of the domain names frankoLaFratta.net; frankoLaFratta.org; frankoLaFratta.biz; frankoLaFratta.info; frankoLaFratta.us; frankoLaFratta.mobi and frankoLaFratta.co or is an authorized licensee of the registrant.

36. Pursuant to 15 USC Section 1117(d) plaintiff is entitled to statutory damages of $1,000 to $100,000 per domain name infringed by defendant.

37. Pursuant to 15 USC Section 1125(a)(3) plaintiff is entitled to an award of reasonable attorney's fees.

38. Pursuant to 15 USC Section 1125(c) plaintiff is entitled to receive a transfer of the subject domain names from defendant.

WHEREFORE, plaintiff prays for judgment:

a) For a preliminary and permanent injunction, enjoining Gunn, Classic Kitchens and all persons acting in concert with either or both defendants from using in any manner any of the following domain names:

frankoLaFratta.net
frankoLaFratta.org
frankoLaFratta.biz
frankoLaFratta.info
frankoLaFratta.us
frankoLaFratta.mobi
frankoLaFratta.co

b) For a transfer of the subject domain names to plaintiff.

c) For statutory damages pursuant to 15 U.S.C. §1117(d) of $100,000 per domain name, a

        total of $700,000.

d)     For actual damages incurred arising from or related to Gunn's and Classic Kitchen's illegal actions alleged here.

e)     For its reasonable attorney's fees and costs.

f)     For the identification, disgorgement, and assessment of actual and statutory damages for any other domain names that include any terms confusingly similar to plaintiff's trade name or trademarks that are under defendants' ownership or control.

g)     For a finding of joint and several liability among the defendants due to the contributory and vicarious liability of each.

h)     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each and every issue triable by a jury.

                                              Franko-LaFratta Constrution, Inc.
                                              A Virginia corporation

                                              By Counsel:

Ian D. Titley, Esq. VSB# - 27531
Gavin Law Offices
2500 Gaskins Road, Suite B
Richmond Virginia 23238
Main: 804-784-4427
Direct: 804-364-0405
Fax: 888-411-6914
Email: idt@gavinlawoffices.com
*Counsel for Plaintiff*